*202] *Gavin Hamilton *et al.* assignees of Robert S. Stafford *against* Thomas and John Gallagher, surviving partners of James Gallagher, deceased.

Particular circumstances will justify motions to set aside reports of referees, though exceptions have not been filed thereto in four days after the reports have been filed.

THIS cause had been referred to the committee of the city Chamber of Commerce. On the 14th December 1804, a report was found for the plaintiffs for 210l. 1s. 10d., whereupon was entered judgment *nisi, sec. reg.* On the 27th of the same month, exceptions were filed to the report, grounded on matters of fact, together with the usual general exception, that the report should have been in favour of the defendants, and not of the plaintiffs.

The motion to set aside the report came on at the last December term, when it was objected that the application came on too late, not being made within four days after the report filed and notice thereof, agreeably to the usage of the court. On a motion in the Common Pleas between M'Carty and Craig, the court had refused to hear a motion against a report, when the exceptions had not been filed within the four days, and the practice of this court had become conformable thereto.

The court then admitted the general rule, and compared it to a motion for a new trial. The party could not claim of right, in causes tried at *Nisi Prius,* to be heard, after the first four days of the next succeeding term, in motions in arrest of judgment or for a new trial ; but under particular circumstances, where it evidently was made appear to the court that injustice had been done by the verdict, they might legally entertain the

[Wells v. Pfeiffer.]

motion, and this they conceived to be the English practice. 5 Term Rep. 436, 438.

The defendants' counsel detailed the circumstances, which he thought would justify a relaxation of the general rule ; but the court were of opinion that the rule could not be varied thereby.

The report was then objected to, for errors apparent on the face of it, and was continued under advisement.

The argument was resumed this term, when Mr. Ingersoll for the plaintiffs again insisted, that the defendants could not be heard at so late a day. The court had already determined there was no fact disclosed which would render a deviation from the general rule to be proper in this case ; and exceptions taken to the wording of the report were subject to the same inconveniences and procrastination as where extrinsic errors were objected to. A rigid adherence to the rule would be the best security for suitors, and prevent much litigation.

Mr. Levy for the defendants insisted, that no rule was so general *as not to admit of exceptions. If a plain error [*203 appeared on the face of the report, for which a court of appeal would be bound to set it aside, would this court confirm the report merely because it was not excepted to within the four days ? The proposition is too monstrous to be seriously asserted. The court, under particular circumstances, will permit a motion for a new trial to be made after the four days are expired. Doug. 162, (171.) So in criminal cases, a new trial may be granted at any time before judgment. Ib. 760, (791.) A defendant convicted on a criminal prosecution, cannot of right move for a new trial after the first four days of the next term ; though, if it appear to the court at any time before judgment, that injustice has been done by the verdict, they will interpose and grant a new trial. Rex v. Holt, 5 Term Rep. 436, 438.

These decisions apply to trials by jury before judges versed in the law, who can report the evidence on both sides : but to make them applicable to reports of referees, the court must necessarily be informed of the evidence.

*Per Cur.* This reasoning is sound. Let the legal exception be stated for our decision.

After some time Mr. Levy abandoned his exception.

Judgment for the plaintiffs.